## A. WATSON'S EXR. *v.* GEORGE McDONALD.

**Contract — Petition — Answer.**

> The appellant alleges in his petition that the whisky was to be delivered as the plaintiff might need or call for it, but all to be delivered in six months, and the answer, without denying this, avers that the whisky was to be delivered at such times and in such quantities as called for within six months. *Held,* this slight variation cannot be taken as traversing the distinctive allegations of the petition. The answer neither alleges the delivery of the whisky nor any legal excuse for the failure, and was not a bar to the action.

APPEAL FROM PENDLETON CIRCUIT COURT.

February 5, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The pleadings concur in the statements of the contract between the parties, except that the petition alleges that the whisky was " to be delivered as plaintiff might need or call for it, *but all to be delivered within six months from the time the contract was made,"* and the answer, without denying this, avers that the whisky was " to be delivered in such quantities, and such times as called for by the plaintiff within the six months spoken of by the plaintiff." As just intimated this slight variance cannot be taken as traversing the distinctive allegation that *all* of the whisky was to be delivered at the designated place within six months from the time the contract was made, and as the answer neither alleges a delivery of the whisky within the prescribed time, nor any legal excuse for the failure to deliver, it did not as we think present a bar to the action by the admission of the pleadings; therefore, the plaintiff was entitled to recover.

On the return of the cause, however, the defendant should be allowed to amend his answer should he offer to do so.

Wherefore, for the reason indicated, the judgment is reversed and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.

*Records,* for Appellant.

*Landram,* for Appellee.